SEND

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9796 PA (OPx) | Date | February 23, 2012 |
|---|---|---|---|
| Title | Chris Kohler v. Arby's Restaurant Group, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | None | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   ORDER TO SHOW CAUSE

Plaintiff brings suit against Arby's Restaurant Group, Inc. (d/b/a Arby's #6048) and Moreno Valley Festival, Ltd., for alleged violations of Title III of the Americans with Disabilities Act and California's Disabled Persons Act. Plaintiff alleges than an Arby's Restaurant located in Moreno Valley failed to furnish facilities that complied with those statutes.

Federal Rule of Civil Procedure 20(a)(2), which allows for permissive joinder, provides that "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." See also League to Save Lake Tahoe v. Tahoe Regional Planning Agency, 558 F.2d 914, 917 (9th Cir. 1977). "The first prong, the 'same transaction' requirement, refers to similarity in the factual background of a claim." Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997).

The allegations in the Complaint lump Defendants together and treat them interchangeably; Defendants' submissions are similarly opaque. In particular, the identity of defendant Moreno Valley Festival, Ltd. and its alleged role in the events giving rise to this action are not articulated. Thus, the Court is unable to determine whether Defendants are properly joined.[1]

The Court therefore orders Plaintiff to show cause in writing, no later than February 29, 2012, why one or more parties should not be dropped from this case for improper joinder. See Fed. R. Civ. P. 18, 20, 21. Defendants' Response, if any, shall be filed no later than March 07, 2012. In response to

---

[1]   Pending before the Court is Plaintiff's Motion to Amend the Complaint, which seeks to substitute the franchisee of the subject restaurant, Safi Foods, LLC, as a defendant in place of Arby's Restaurant Group, Inc., the franchisor. Neither that Motion nor the proposed First Amended Complaint resolve the issues raised in this Order.

**SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9796 PA (OPx) | Date | February 23, 2012 |
|---|---|---|---|
| Title | Chris Kohler v. Arby's Restaurant Group, Inc., et al. | | |

this Order, Plaintiff may, if it so chooses, file separate actions against Defendants, with new complaints and filing fees.

    IT IS SO ORDERED.